United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Joselito Sarmiento Carreno,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 22-20148-CR-Scola<br>)<br>)<br>) |

### Order Granting Motion for Sentence Reduction

This matter is before the Court on the Defendant Joselito Sarmiento Carreno's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 75.) The Government has responded. (ECF No. 76.) There is no need for Sarmiento to reply. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **grants** the motion for reduction of sentence. (**Mot., ECF No. 75**.)

1. **Background**

On January 19, 2023, the Defendant Joselito Sarmiento Carreno was sentenced to a term of imprisonment of 60 months after pleading guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b). (ECF Nos. 49, 50, 66, 68.) The Sentencing Guidelines range was 70 to 87 months of imprisonment based on an offense level of 27 and a criminal history category of I.

Since Sarmiento's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Sarmiento now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 60 months in prison.

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

### A. Sarmiento is entitled to a sentence reduction.

As noted, the retroactive amendment that Sarmiento invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.] *See id.*

Here, an analysis of Sarmiento's case reveals that he is eligible for a sentence reduction pursuant to Amendment 821. Sarmiento qualifies for the adjustment for zero-point offenders because he meets all the criteria set forth above. In addition, a reduction in Sarmiento's sentence is consistent with the applicable policy statements.

Specifically, application of the two-level reduction in Sarmiento's sentence results in offense level of 25, with a new guideline range of 57 to 71 months. Pursuant to the relevant policy statement, the Court cannot reduce Sarmiento's term of imprisonment below the minimum of the amended guideline range—*i.e.*, below 57 months. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a

prisoner serving a term of imprisonment affected by the amendment may be reduced." (cleaned up)). Thus, as the Court initially imposed a sentence of 60 months, and the bottom of the amended guideline range is 57 months, the Court is able to reduce Sarmiento's sentence, but only to 57 months.

Moreover, upon considering the § 3553(a) factors, the Court concludes that Sarmiento is entitled to a reduction in his sentence. While Sarmiento's offense was serious, 57 months of imprisonment still accomplishes the goals of adequate deterrence and accurately reflecting the seriousness of the offense. The Court therefore exercises its discretion to grant the Defendant's motion after considering the § 3553(a) factors.

4. **Conclusion**

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Sarmiento's motion for reduction of sentence is **granted**, such that his new sentence is 57 months in prison with 2 years of supervised release. (**Mot., ECF No. 75**.)

**Done and ordered** at Miami, Florida on March 25, 2024.

_____
Robert N. Scola, Jr.
United States District Judge